UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BANK OF AMERICA N.A., IRWIN WELKER,<br><br>Plaintiffs,<br><br>v.<br><br>FABIO A. CONTRERAS,<br><br>Defendant. | Case No. 15-cv-02961-NC<br><br>**ORDER TO SHOW CAUSE RE: SUBJECT MATTER JURISDICTION**<br><br>Re: Dkt. No. 1 |

The Court issues this order on its own motion, to address concerns regarding the apparent lack of subject matter jurisdiction. Pro se defendant Fabio A. Contreras removed the case to this Court. Dkt. No. 1. While the notice of removal asserts that removal is proper based on federal question jurisdiction, there appears to be no basis for this Court's jurisdiction. The Court orders Contreras to show cause why this case should not be remanded to state court for lack of subject matter jurisdiction.

Federal courts are courts of limited jurisdiction and are presumptively without jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Removal of a state court action to federal court is appropriate only if the federal court would have had original subject matter jurisdiction over the suit. *See* 28 U.S.C. § 1441(a). A federal district court must remand a removed case to state court "[i]f at any time before the final judgment it appears that the district court lacks subject matter jurisdiction." *Id.* § 1447(c); *see also Maniar v. FDIC*, 979 F.2d 782, 784-85 (9th Cir. 1992) (noting that

section 1447(c) permits a district court to remand on its own motion for lack of subject matter jurisdiction). In deciding whether removal was proper, courts strictly construe the removal statute against finding jurisdiction, and the party invoking federal jurisdiction bears the burden of establishing that removal was appropriate. *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009) (citations omitted).

District courts have federal question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case "arises under" federal law if the complaint establishes "either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Proctor v. Vishay Intertechnology Inc.*, 584 F.3d 1208, 1219 (9th Cir. 2009) (citations omitted). Federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. *Provincial Gov't of Marinduque*, 582 F.3d at 1091.

As to state law claims, original federal jurisdiction may be available where "some substantial, disputed question of federal law is a necessary element of one of the well-pleaded state claims." *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust for S. California*, 463 U.S. 1, 13 (1983). "[T]he question is, does a state-law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable & Sons Metal Products, Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005). "When a claim can be supported by alternative and independent theories—one of which is a state law theory and one of which is a federal law theory—federal question jurisdiction does not attach because federal law is not a necessary element of the claim." *Rains v. Criterion Sys., Inc.*, 80 F.3d 339, 346 (9th Cir. 1996).

Here, Contreras asserts that this case involves a federal question because it includes claims brought under certain federal statutes (e.g., Federal Fair Debt Collection Practices Act, Truth in Lending Act). Dkt. No. 1 at 2. Contreras also states that "California Civil Code Sections § 2923.5, § 2923.6, § 2924, and § 2923.5 et. seq., have been

unconstitutionally applied to Defendant." *Id.*

Contreras, however, fails to attach a pleading establishing "either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Proctor*, 584 F.3d at 1219 (citations omitted). Contreras does attach a "Notice of Motion and Motion to Consolidate," which he filed with the superior court in Santa Clara County. Dkt. No. 1 at 6.

Yet this motion, in addition to asserting only state law claims, suggests Contreras is actually the plaintiff seeking damages arising from a foreclosure. *Id.* at 8 ("Plaintiff is seeking monetary damages arising from the fraudulent foreclosure of their personal residence valued in excess of $399,000.00."). The general removal statute provides that only defendants can remove cases from state court to federal court. 28 U.S.C. § 1441.

As to the state law provisions that Contreras alleges were "unconstitutionally applied" to him, the mere reference of a federal statute in a pleading [e.g., notice of removal] will not convert a state law claim into a federal cause of action if the federal statute is not a *necessary* element of the state law claim and no preemption exists."). *Easton v. Crossland Mortgage Corp.*, 114 F.3d 979, 982 (9th Cir. 1997) (emphasis added). The notice of removal provides no explanation for why the state law claims should be deemed to arise out of or be predicated on alleged violations of federal law.

Accordingly, the Court orders Contreras to show cause in writing by July 16, 2015, why this case should not be remanded to state court for lack of subject matter jurisdiction. Additionally, all parties must file a consent or declination to proceed before a magistrate judge by July 14, 2015. Dkt. No. 4.

If Contreras fails to respond to the order to show cause by July 16, 2015, the Court will remand this action to state court.

**IT IS SO ORDERED.**

Dated: July 2, 2015

_____
NATHANAEL M. COUSINS
United States Magistrate Judge

3

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BANK OF AMERICA N.A., et al.,

    Plaintiffs,

v.

FABIO A. CONTRERAS,

    Defendant.

Case No.  15-cv-02961-NC

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on July 2, 2015, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Fabio A. Contreras
5965 Cahalan Avenue
San Jose, CA 95123

Dated: July 2, 2015

Richard W. Wieking
Clerk, United States District Court

By:_____
Lili Harrell, Deputy Clerk to the
Honorable NATHANAEL M. COUSINS

4